**Merle GADDY, Administratrix of the Estate of Andro Gaddy, Deceased, Plaintiff,**

v.

**HILL BUILDING CORPORATION, Defendant.**

**Civ. A. No. 846-61.**

United States District Court District of Columbia.

Sept. 14, 1964.

Glenn R. Graves, Washington, D. C., for plaintiff.

Charles E. Pledger, Jr., Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge

This matter came before the Court on a motion by the Defendant for judgment in accordance with its motion for a directed verdict under the provision of Rule 50(b) of the Federal Rules of Civil Procedure reading as follows:

"(b) *Reservation of Decision on Motion.* Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, * * *; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. * * *"

This case was tried in April 1964 on a complaint for wrongful death. The

plaintiff is the widow and administratrix of Andro Gaddy, a window washer, who was employed by the United States Window and Housecleaning Company. Andro Gaddy fell to his death while washing a window on the sixth floor of The Hill Building at 839–17th Street, N. W., Washington, D. C. The Defendant is the Hill Building Corporation, owner of the building.

At the close of plaintiff's case, counsel for defendant moved for a directed verdict. Said motion was denied, and then renewed at the close of all the evidence. The motion was again denied, and the controversy was submitted to the jury. After deliberating for four days, the jury was unable to agree on a verdict, and was discharged on May 1, 1964. Defendant filed this motion for judgment on May 11, 1964, and oral arguments were heard on July 21, 1964, and the matter was submitted.

After review of the evidence, the pleadings, the points and authorities and arguments of counsel, the Court will grant defendant's motion for judgment. The court is of the opinion that all the evidence considered in the light most favorable to the plaintiff does not establish any negligence on the part of the defendant.

The window from which the decedent fell while performing his duties as a window washer was a casement-type window, which, according to witnesses called by the plaintiff, did not require anchor fittings or safety belts. In addition, the Safety Regulations and administrative interpretations introduced by the plaintiff showed that there was no violation of existing regulations by the Hill Building.

Evidence introduced by defendant was to the effect that the window could have been washed by standing on the floor and using an extension pole, which was available in the building at the time of the accident. It was unnecessary for decedent to stand in the window and lean on the center mullion bar for support while washing the window.

A metallurgist testified that the mullion bar in question was broken at the top, but was capable of withstanding a force of 1,800 pounds per square inch at the weakest point. He further testified that the break could have occurred as recently as one week prior to the accident. The evidence indicates that the defendant had no knowledge of the defect and that it could not have been discovered by reasonable inspection.

Judge Holtzoff accurately summarized the law on the duty of the owner of a building in Snodgrass v. Cohen, 96 F. Supp. 292, 294 (D.C.,D.C.1951):

"The proprietor of real property, who procures work to be done thereon by an independent contractor, is under a duty to warn the contractor or the contractor's employees of the existence of any dangerous condition on the premises that may affect the safety of the workmen, if the owner is himself aware of the hazard, unless the condition is clearly obvious and visible."

Here, there was no evidence to indicate that the defendant knew or should have known of the defect in the mullion bar.

In Snodgrass, the court denied defendant's motion for a new trial and stated that the defendant admitted in a deposition that he knew the window sash had rotted and was falling out. In the case at bar there was not a scintilla of evidence to show that defendant had an indication that the mullion bar was defective. Further, it is also important to note that the purpose of this bar is to retain two movable casement windows. It was not intended to support the weight of a man.

Therefore, in accordance with the foregoing, it is this 14th day of September, 1964,

Ordered, that defendant's motion for judgment in accordance with Rule 50(b) of the Federal Rules of Civil Procedure be, and the same hereby is, granted; and

It is further ordered that judgment be, and it hereby is, entered for defendant.